UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLIE R. HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV982 MLM |
| | ) |
| RENEE A. MURPHY, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 31944), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $9.86. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $30.42, and an average monthly balance of $9.86. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.08, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, Southeast Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as the sole defendant in this action is Renee Murphy, plaintiff's retained counsel in his underlying state criminal proceedings.

In a detailed manner, plaintiff alleges that he was denied effective assistance of counsel in his state criminal proceedings. He seeks injunctive relief and monetary damages.[1]

## Discussion

The essential elements of a constitutional claim under § 1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009). The complaint fails to state a claim under § 1983 against plaintiff's state criminal defense counsel because defendant Murphy was not acting as a state actor, or under color of state law, when she undertook plaintiff's representation. See, e.g., Polk County v. Dodson, 454

---

[1]The Court notes that ineffective assistance of legal counsel claims are better brought in the state post-conviction appeals process or in an application for writ of habeas corpus properly brought before the Missouri State Court or in this Court. The docket reflects that plaintiff currently has a writ of habeas corpus pending in this Court, brought pursuant to 28 U.S.C. § 2254, where he is asserting ineffective assistance of counsel claims. See Hale v. Wallace, 4:12CV983 SNLJ.

U.S. 312, 325 (1981) (stating "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); see also, Myers v. Vogal, 960 F.2d 750, 750 (8th Cir. 1992)(attorneys, whether appointed or retained, who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983); Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law).  As a result, this action shall be dismissed without prejudice.

Even if plaintiff was attempting to assert a state law claim for legal malpractice against defendant Murphy, he has not sufficiently alleged diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction "requires complete diversity among the parties." Dominium Austin Partners, LLC v. Emerson, 248 F.3d 720, 725 (8th Cir. 2001).  That is, "diversity jurisdiction does not apply to cases in which there are citizens from the same state on opposing sides of the litigation."  13E Fed. Prac. & Proc. Juris. § 3605 (3d ed.).  Plaintiff has alleged that both he and defendant are Missouri residents.  As such, there is no basis for diversity jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.08 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of June, 2012.

                                                  HENRY EDWARD AUTREY
                                                 UNITED STATES DISTRICT JUDGE